JS 44 (Rev. 06/17) **MMB**

# CIVIL COVER SHEET

17-CV-4213

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
WILLIAM MORLOK, ADAM NOVICK and THEODORE LEWIS, individually and on behalf of all others similarly situated

## DEFENDANTS
CITY OF PHILADELPHIA

**(b)** County of Residence of First Listed Plaintiff: PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
see attachment

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise |  | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
|  |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  |  | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation |  | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations | ☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  |  | ☐ 550 Civil Rights |  |  |  |
|  |  | ☐ 555 Prison Condition |  |  |  |
|  |  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC § 1983

Brief description of cause:
challenge to City ordinance changing status of previously exclusively designated electric vehicle parking

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ injunctive relief w/ damages in alternative
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: _____
DOCKET NUMBER: _____

DATE: 9/20/17
SIGNATURE OF ATTORNEY OF RECORD: [signature]

SEP 21 2017

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## PLAINTIFFS' ATTORNEYS CONTACT INFORMATION

Sean P. Whalen (PA Bar ID 200709)
Joseph C. Monahan (PA Bar ID 87173)
VINTAGE LAW LLC
6 Coulter Avenue, Suite 1000
Ardmore, PA 19003
(484) 416-3207 (Whalen)
(484) 413-2319 (Monahan)
sw@vintage-law.com
jm@vintage-law.com

Stephan Matanovic (PA Bar ID 83459)
MATANOVIC LAW LLC
399 Market Street
Suite 360
Philadelphia, PA 19106
(215) 915-7978
smatanovic@matanoviclaw.com

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

17-4213

Address of Plaintiff: _see attached_

Address of Defendant: _CITY OF PHILADELPHIA, CITY HALL Room 215, PHILADELPHIA PA 19107_

Place of Accident, Incident or Transaction: _PHILADELPHIA, PA_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

**ARBITRATION CERTIFICATION**
(Check Appropriate Category)

I, _Sean P. Whalen_, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: _9/20/17_  _[signature]_  _200709_
Attorney-at-Law    Attorney I.D.#

SEP 21 2017

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _9/20/17_  _[signature]_  _200709_
Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

## PLAINTIFFS' ADDRESSES

William Morlok,
2410 Pine Street
Philadelphia, PA 19103

Adam Novick
808 South 7th Street
Philadelphia, PA 19147

Theodore Lewis
1107 Wharton Street
Philadelphia, PA 19147



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

WILLIAM MORLOK, ADAM NOVICK and  
THEODORE LEWIS, individually and on behalf of  
all others similarly situated  
    v.  
CITY OF PHILADELPHIA

CIVIL ACTION

NO. 17 4213

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )

9/20/17  
Date

Attorney-at-law

Plaintiffs  
Attorney for

215-622-7402  
Telephone

FAX Number

sw@vintage-law.com  
E-Mail Address

(Civ. 660) 10/02

SEP 21 2017

#400

MMB

Sean P. Whalen (PA Bar ID 200709)
Joseph C. Monahan (PA Bar ID 87173)
VINTAGE LAW LLC
6 Coulter Avenue, Suite 1000
Ardmore, PA 19003
(484) 416-3207 (Whalen)
(484) 413-2319 (Monahan)
sw@vintage-law.com
jm@vintage-law.com

17   4213

Stephan Matanovic (PA Bar ID 83459)
MATANOVIC LAW LLC
399 Market Street
Suite 360
Philadelphia, PA 19106
(215) 915-7978
smatanovic@matanoviclaw.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------x
WILLIAM MORLOK, ADAM NOVICK, :
THEODORE LEWIS, individually and on :
behalf of all others similarly situated, :    Civil Action No.
                                         :
                    Plaintiffs,          :
                                         :
        v.                               :
                                         :
CITY OF PHILADELPHIA,                    :
                                         :
                    Defendant.           :
                                         :
---------------------------------X

## CLASS ACTION COMPLAINT

Plaintiffs William Morlok ("Morlok"), Adam Novick ("Novick") and Theodore Lewis ("Lewis") (collectively "Plaintiffs"), on their own behalf and on behalf of all others similarly

situated (the "Putative Class"), bring this complaint against defendant the City of Philadelphia (the "City"), and in support thereof allege as follows:

## NATURE OF THE ACTION

1. This action arises out of the City's wrongful conduct with respect to elimination of the Plaintiffs' and Putative Class's designated and exclusively reserved electric vehicle parking places, which Plaintiffs and the Putative Class spent significant funds obtaining, in reliance on the City's ordinance creating a program for the creation and reservation of such parking spaces. The City's conduct in this regard has caused a deprivation of Plaintiffs' and the Putative Class's rights as guaranteed by the United States Constitution, as detailed below.

2. Plaintiffs bring this action to vindicate their rights and those of the Putative Class and to enjoin City from its ongoing wrongful conduct which continues to cause irreparable harm to Plaintiffs and the Putative Class.

3. In the alternative, if the Court determines that injunctive relief is not warranted, Plaintiffs and the Putative Class seek damages in an amount to be proven at trial.

## PARTIES

4. Plaintiff Morlok is an adult individual residing in Pennsylvania with an address of 2410 Pine Street, Philadelphia, Pennsylvania.

5. Plaintiff Novick is an adult individual residing in Pennsylvania with an address of 808 South 7th Street, Philadelphia, Pennsylvania.

6. Plaintiff Lewis is an adult individual residing in Pennsylvania with an address of 1107 Wharton Street, Philadelphia, Pennsylvania.

7. Defendant City is a municipality located in the Commonwealth of Pennsylvania. At all pertinent times it has acted under color of state law.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the parties are all located in this District, the real property interests involved herein are in this District and the transactions and occurrences giving rise to this action took place in this District.

## FED. R. CIV. P. 23 ALLEGATIONS

10. This matter is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) in that:

   (a) The Putative Class, which potentially includes in excess of sixty persons, is so numerous that joinder of all members is impracticable;

   (b) There are substantial questions of law and fact common to the Putative Class;

   (c) The claims of the representative parties are typical of the claims of the Putative Class; and

   (d) The representative parties will fairly and adequately protect the interests of the Putative Class.

11. The case is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(b)(2), in that Defendant has acted on grounds that apply generally to the Putative Class so that final injunctive relief is appropriate with respect to the Putative Class as a whole.

12. The case is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(b)(3), in that questions of law or fact common to class members predominate over any questions affecting only individual class members, and a class action is superior to other methods for fairly and efficiently adjudicating the controversy.

13. The relief sought in this action will effectively provide relief to all of the class members.

14. There are no unusual difficulties foreseen in the management of this class action.

## CLASS DEFINITION

15. Plaintiffs bring this action on behalf of the following class of similarly situated individuals:

> All persons who applied for and were granted an exclusively reserved and designated electric vehicle parking space within the City of Philadelphia pursuant to Philadelphia City Ordinance Section 12-1131, before it was amended effective April 20, 2017.

## FACTUAL BACKGROUND

16. On or about November 1, 2007, the City, acting through City Council, enacted a new section of the Philadelphia Code, Section 12-1131, entitled "Electric Vehicle Parking." Section 12-1131 in its original form, provided, in pertinent part, as follows:

> (3) Designation of Electric Vehicle Reserved On-Street Parking Space.
>
>   (a) After an investigation determining need has been performed through the Philadelphia Parking Authority with the information set forth in subsection (3)(b) and the Parking Authority has approved of use of the location for practicality and feasibility of traffic operations, the Philadelphia Parking Authority may designate a reserved on-street parking space for electric

4

vehicles. Such a reserved space shall not be designated at any location where parking is otherwise prohibited by law.

(b) When applying for a reserved on-street parking space for the exclusive use of electric vehicles, at least the following information shall be supplied by the applicant to the Philadelphia Parking Authority and, in part, shall be used as criteria for determining the appropriate location for a reserved space for electric vehicles;

(.1) a Pennsylvania Department of Transportation Vehicle Registration indicating that the vehicle is owned or leased by an individual who is a resident of the address at which the reserved parking space is sought;

(.2) proof that the owner of the property at which the reserved parking space is sought, if such person is not the applicant, consents to this application;

(.3) documentation of approval from the Department for the installation of an electrical vehicle charger at the curb immediately adjacent to the electric vehicle parking space, pursuant to any requirements established by the Department by regulation in connection with such approval, including an administrative fee;

(.4) the written consent of an adjacent neighbor if the Philadelphia Parking Authority determines that it is necessary for the reserved parking to extend in front of that neighbor's property;

(.5) any other information which the Philadelphia Parking Authority may require.

(c) The Streets Department shall cause appropriate signs and marking to be placed in and around electric vehicle parking spaces, indicating prominently thereon the parking regulations. The signs shall state that the parking space is reserved for the exclusive use of electric vehicles and that violators are subject to a fine and removal of their vehicle.

(4) Prohibitions. When a sign authorized under Section 12-1131(3)(c) provides notice that a space is a designated electric parking space, no person shall park any non-electric vehicle in a designated electric vehicle parking space.

17. Upon receiving an application under Section 12-1131, Defendant had the discretion to consider whether to approve such application and create a designated, exclusively reserved electric vehicle parking space, after conducting an "investigation determining need through the

5

Philadelphia Parking Authority" and after the Philadelphia Parking Authority "has approved of use of the location for practicality and feasibility of traffic operations." Defendant was thus not required to approve of the application, even if the applicant satisfied all of the criteria set forth in Section 12-1131, but could do so in the exercise of its discretion.

18. Once Defendant had granted an application in the exercise of its discretion, its Streets Department was required to erect a sign at the location of the exclusive electric vehicle parking space, designating it as such.

19. After the adoption of Section 12-1131, and in reliance thereon, Plaintiffs and the members of the Putative Class each took a series of steps in order to apply for approval of a reserved electric vehicle parking space.

20. Plaintiffs and members of the Putative Class each applied to the Philadelphia Parking Authority ("PPA") for approval of a designated electric vehicle parking space, paid all fees associated with such applications, and submitted all materials in support of their respective applications as required by the PPA and Section 12-1131, including but not limited to proof that an electric vehicle had been purchased or leased and registered with the Pennsylvania Department of Transportation to a resident of each of their respective homes.

21. Moreover, each of the Plaintiffs paid for and arranged for the installation of an approved electrical vehicle charger at the curb in close proximity to his or her home, adjacent to the area which he or she desired to have approved for an electric vehicle parking space pursuant to Section 12-1131(3)(b)(.3).

22. By installing the curbside electrical vehicle chargers, solely at their own cost and expense, Plaintiffs and the Putative Class made substantial improvements upon public property.

23. In response to the respective applications of the Plaintiffs and the Putative Class, the PPA granted its approval for the exclusively reserved, designated electric vehicle parking spaces, and Plaintiff's and the members of the Putative Class thus obtained such a parking space at their place of residence, all in conformity with Section 12-1131.

24. On or about April 6, 2017, the City, through City Council, and without due process to the Plaintiffs or members of the Putative Class, passed Bill No. 170093-A, which amended Section 12-1131 by imposing a "moratorium on new electric vehicle parking spaces, under certain terms and conditions." The amendment further changed Section 12-1131(c), providing that instead of the Streets Department posting signs at the existing approved electric parking spaces that prohibited all parking in such spaces by non-electric vehicles, the signs to be posted at the spaces now only reserved those spaces for the use of electric vehicles during the hours from 6:00 p.m. to 6:00 a.m. Pursuant to the amendment, City Council further provided that the signs were to specifically indicate that non-electric vehicles were permitted to park in the previously exclusively-reserved spaces for two hours at a time during the hours from 6:00 a.m. to 6:00 p.m.

25. When presented with Bill No. 170093-A for signature, Mayor James Kenney declined to sign the same, and articulated his disagreement with the amendment. However, pursuant to the provisions of Section 2-202 of the City's Home Rule Charter, having not been signed and returned to City Council within ten days, the amendment became effective on April 20, 2017 as if the Mayor had signed it.

26. The City thus amended Section 12-1131, depriving each Plaintiff and member of the Putative Class of the exclusively-reserved electric vehicle parking spaces which they had previously obtained upon application and compliance with the City's ordinance, and upon expending substantial funds in furtherance of such applications. Instead, under the revised version of Section 12-1131, for twelve hours of every day, non-electric vehicles are now permitted to occupy the parking spaces that were previously exclusively designated for electric vehicles, thus depriving Plaintiffs and the Putative Class of access to their electrical vehicle chargers.

## COUNT I – §42 U.S.C. 1983/DUE PROCESS

27. Plaintiffs hereby incorporate the above paragraphs as if fully set forth herein.

28. Each Plaintiff and member of the Putative Class applied for a reserved electric vehicle parking space according to the process and standards established and required by the City, as articulated in Section 12-1131, before it was subsequently amended.

29. In so doing, each Plaintiff and Putative Class member expended substantial sums of money so as to comply with the requirements of Section 12-1131, and made substantial improvements upon public property.

30. Pursuant to Section 12-1131, the City approved the application of each Plaintiff and Putative Class member and designated a reserved electric vehicle parking space in close proximity to their respective homes.

31. Plaintiffs and the Putative Class have a protectable property interest in the reserved electric vehicle parking spaces and the accompanying access to their charging stations that were approved by the City in response to their respective applications.

32. By unilaterally amending Section 12-1131 so as to allow non-electric vehicles to park in the parking spaces that previously were reserved exclusively for electric vehicles, Defendant has unlawfully deprived each Plaintiff and the Putative Class members of his or her protectable property interest without due process.

33. Defendant's amendment to Section 12-1131 reflects its policy, practice, procedure and/or custom, and exhibits deliberate indifference to the constitutional rights of Plaintiffs and the Putative Class.

34. Defendant's actions violated Plaintiffs' and the Putative Class's constitutional due process rights and have caused them injury.

### COUNT II – §42 U.S.C. 1983/EQUAL PROTECTION

35. Plaintiffs hereby incorporate the above paragraphs as if fully set forth herein.

36. Defendant's actions have operated to treat Plaintiffs and the Putative Class differently than other similarly situated persons.

37. There is no permissible basis for Defendant's arbitrary and capricious discrimination toward and against Plaintiffs and the Putative Class.

38. Defendant's actions violated the constitutional equal protection rights of Plaintiffs and the Putative Class, and caused injury to each of them.

### COUNT III – UNJUST ENRICHMENT

39. Plaintiffs hereby incorporate the above paragraphs as if fully set forth herein.

9

40. Plaintiffs and the Putative Class have made substantial improvements upon public property.

41. Defendant appreciated or had knowledge of the benefit conferred upon it by Plaintiffs and the Putative Class.

42. By stripping Plaintiffs and the Putative Class of their exclusively reserved electric vehicle parking spaces after they had expended substantial funds installing the electrical charging stations servicing those spaces, Defendant has caused Plaintiffs and the Putative Class to lose the benefit and value of their respective investments in the charging stations, and the improvements they have made upon public property.

43. At the same time, Defendant unjustly has gained the value of and been enriched by these improvements.

44. Plaintiffs and the Putative Class have been injured by Defendant's actions in this regard.

45. It would be inequitable and unjust to allow Defendant to retain the benefits conferred on it by virtue of the improvements Plaintiffs and the Putative Class have made.

WHEREFORE, Plaintiffs respectfully pray for the following relief:

(a) Certification of the class as described and appointment of named Plaintiffs as representatives of the class, and the undersigned as class counsel;

(b) Judgment in their favor for preliminary and permanent injunctive relief, enjoining the Defendant from continuing to cause injury to Plaintiffs and the class by denying to them the exclusively reserved and designated electric vehicle parking spaces with

access to their charging stations that they previously obtained pursuant to Section 12-1131;

(c) In the alternative, if the Court determines that injunctive relief is not warranted, any and all monetary damages in an amount to be determined at trial;

(d) The reasonable costs and attorney's fees incurred herein; and

(e) Such other and further relief as this Court deems just and equitable.

VINTAGE LAW LLC

_____
Sean P. Whalen (PA Bar ID 200709)
Joseph C. Monahan (PA Bar ID 87173)
6 Coulter Avenue, Suite 1000
Ardmore, PA 19003
(484) 416-3207 (Whalen)
(484) 413-2319 (Monahan)
sw@vintage-law.com
jm@vintage-law.com

MATANOVIC LAW LLC
Stephan Matanovic (Pa. Bar ID 83459
399 Market Street
Suite 360
Philadelphia, PA 19106
(215) 915-7978
Ssmatanovic@matanoviclaw.com

*Attorneys for Plaintiffs*

Dated: September 21, 2017