IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM MORLOK, ADAM NOVICK, THEODORE LEWIS, individually and on behalf of all others similarly situated,<br>     Plaintiffs<br><br>vs.<br><br>CITY OF PHILADLEPHIA,<br>     Defendant | CIVIL ACTION 17-4213 |

**DEFENDANT CITY OF PHILADELPHIA'S, MOTION TO DISMISS COMPLAINT PURSUANT TO F.R. CIV. P. 12(b)(6)**

  Defendant City of Philadelphia, by and through their undersigned counsel, hereby file this Motion to Dismiss the Complaint for Failure to State a Claim pursuant to F.R. Civ. P. 12(b)(6).

  Pursuant to Local Rule 7.1(c), the City Defendants hereby incorporate by reference the attached Memorandum of Law as though fully set forth at length.

                    Respectfully submitted,

Date:  November 3, 2017       /s/Eleanor N. Ewing
                    Eleanor N. Ewing
                    Chief Deputy City Solicitor
                    Pa. Attorney ID No. 28226
                    City of Philadelphia Law Department
                    1515 Arch Street, 15th Floor
                    Philadelphia, PA 19102
                    (215) 683-5012
                    Eleanor.ewing@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM MORLOK, ADAM NOVICK, THEODORE LEWIS, individually and on behalf of all others similarly situated, | : : : : | |
| Plaintiffs | : : | CIVIL ACTION 17-4213 |
| vs. | : : | |
| CITY OF PHILADLEPHIA, Defendant | : : | |

## ORDER

**AND NOW**, this ____ day of _____, 2017, upon consideration of the motion of Defendants City of Philadelphia to dismiss the Complaint pursuant to F.R. Civ. P. 12(b)(6), and any response or lack thereof, it is hereby **ORDERED** and **DECREED** that this civil action is dismissed with prejudice.

It is further **ORDERED** and **DECREED** that judgment is entered in favor of Defendants City of Philadelphia.

BY THE COURT

_____
HONORABLE MICHAEL BAYLSON

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM MORLOK, ADAM NOVICK, THEODORE LEWIS, individually and on behalf of all others similarly situated, <br>                 Plaintiffs <br><br> vs. <br><br> CITY OF PHILADELPHIA, <br>                 Defendant | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION 17-4213 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
CITY OF PHILADELPHIA'S MOTION TO DISMISS COMPLAINT
PURSUANT TO F.R. CIV. P. 12(b)(6)**

      Defendant, the City of Philadelphia (the "City"), by and through its undersigned counsel, hereby files this Memorandum of Law in Support of its Motion to Dismiss the Complaint for Failure to State a Claim pursuant to F.R. Civ. P. 12(b)(6).

**I.    Introduction**

      There are two simple issues in this matter. First, do Plaintiffs have a protected property interest in a City street; and second, did Plaintiffs confer any benefit on the City by using that City street to park their vehicles. The answer to both questions is, unquestionably, no. Since neither of these questions can be answered in the affirmative, Plaintiffs' claims fail as a matter of law.

      In 2007, the City set out to improve the environment for its residents and the City as a whole by promoting the use of personal electric vehicles. The City believed that it had an opportunity to be on the forefront of green technology by providing its residents access to electric vehicle parking spaces, on City streets in front of their private homes. Ultimately, on

1

November 15, 2007, the City enacted Philadelphia Code Section 12-1131, "Electrical Vehicle Parking." (The "EV Parking Ordinance,"). (Plaintiffs' Complaint, the "Complaint" at ¶16, hereinafter "Compl.")

The EV Parking Ordinance granted individual residents a permit for an electric vehicle parking space on the street in front of their homes, if certain conditions outlined in the EV Parking Ordinance were met. (Compl. ¶17-18). This permit designated a parking space for use by only electric vehicles 24 hours a day. (Compl. ¶16). After the EV Parking Ordinance was passed, a number of Philadelphia residents applied for and were granted permits for the privilege to use an electric vehicle parking space in front of their personal residences 24 hours a day, including Plaintiffs. (Compl. ¶23).

In practice, the EV Parking Ordinance proved to have some drawbacks. Most notably, it has resulted in providing essentially a private parking space for a single vehicle owner on already crowded City streets. This has caused considerable difficulties for non-electric vehicle owners trying to park in neighborhoods where multiple electric vehicle permits have been approved.[1]

After City Council began receiving complaints regarding these *de facto* private parking spaces, and after conducting hearings on the issue, in 2017 City Council amended the EV Parking Ordinance to modify electric vehicle owners' 24-hour access to these parking spaces. (Compl. ¶24). Specifically, the amendment modified the EV Parking Ordinance to change exclusive electric vehicle access to the parking spaces from 24 hours a day to 12 hours a day, allowing exclusive electric vehicle parking from 6 pm to 6 am. (*Id.*) Per the amended ordinance,

---

[1] Although *any* electrical vehicle theoretically could park in the permitted spaces, these spaces effectively became private permitted parking spaces for the electrical vehicle owners granted the permits, due both to the limited number of electric vehicles in Philadelphia and the fact that permit holders are not required to share access to their personal electrical charging stations with anyone else.

2

parking in the designated electric vehicle parking spaces is now open to any vehicle, for two-hour parking, from 6 am to 6 pm. (*Id.*) The amended EV Parking Ordinance also institutes a moratorium on the designation of any new electric vehicle parking spaces. (*Id.*)

Plaintiffs William Morlok ("Morlok"), Adam Novick ("Novick"), and Theodore Lewis ("Lewis") (collectively "Plaintiffs"), purporting to act for all similarly situated persons (the "Putative Class"), challenge the propriety of the City's amendment to the EV Parking Ordinance. In challenging this amendment, Plaintiffs presume that, as holders of electric vehicle permits, they are entitled to 24 hour, unfettered access to their electric vehicle parking spaces, alleging violations of rights relating to property they do not own, nor have any unconditional interest in. Because as a matter of law Plaintiffs have no protected property interest, their claims must fail as a matter of law, and should be dismissed.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

As Plaintiffs assert in their Complaint, filed September 21, 2017, the City enacted a new section of the Philadelphia Code, Section 12-1131, entitled "Electric Vehicle Parking" on November 15, 2007. (Compl. ¶16). Essentially, the original EV Parking Ordinance allowed parking spaces on City streets to be designated for electric vehicle parking 24 hours a day if an applicant for such a space completed all of the requirements set forth in the "Electrical Vehicle Parking Space Application" (the "EV Application") available through the Philadelphia Parking Authority (the "PPA"). (Compl. ¶16). (The EV Application is attached hereto as Exhibit A). [2]

---

[2] This motion assumes the facts in Plaintiffs' Complaint are true, and also draws on public documents available for public review online. This Court may take judicial notice of these documents and consider them on this motion to dismiss. *See, e.g., City of Pittsburg v. West Penn Power Co.,* 147 F.3d 256, 259 (3d Cir. 1998); *In re Merck & Co., Sec., Derivative & ERISA Litig.,* 543 F. 3d 150, 153 n.1 (3d Cir. 2008).

Nothing in the EV Parking Ordinance or the EV Application represented, much less guaranteed, that any permit holder would have unfettered 24-hour access to or a property interest in a personal parking space. (Compl. ¶16, Exhibit A). To the contrary, the EV Application explicitly states, "An EVPS [Electrical Vehicle Parking Space] should not be treated as a personal parking spot. Anyone with an electric vehicle is allowed to park in the EVPS. Any abuse of the EVPS (i.e., cones, telling other electric vehicle operators they are forbidden to park in the EVPS, etc.) will result in the removal of the space." (Exhibit A at 3). After the EV Parking Ordinance was enacted, each of the Plaintiffs took the steps outlined in the EV Parking Ordinance to apply and be approved for an electric vehicle parking permit for the public street in front of their residences. (Compl. ¶19-23.)

The EV Parking Ordinance was in place for almost ten years before City Council amended it. (Compl. ¶24). Prior to amending the Ordinance, City Council and its appropriate subcommittees held open hearings to discuss the proposed amendment, including a hearing of Council's Commission on Streets and Services held March 21, 2017. (A copy of the transcript of this hearing, in relevant part, is attached hereto as Exhibit B).[3]

At the hearing, Councilman David Oh discussed complaints he was receiving from Philadelphia residents regarding the 2007 EV Parking Ordinance, in particular the number of spaces reserved for only electric vehicles and the impact that such reserved spaces had on other residents attempting to park in the vicinity of the reserved spaces. (Exhibit B at 26:11-32:24).

On March 30, 2017, at a meeting of the full Council, Philadelphia residents voiced their complaints and support for the amendment, including several civic associations.[4] (Exhibit C at

---

[3] The entire transcript of the hearing is publicly available here:
http://legislation.phila.gov/transcripts/Public%20Hearings/streets/2017/ss032117.pdf.
[4] The entire transcript of the hearing is publicly available here:
http://legislation.phila.gov/transcripts/Stated%20Meetings/2017/sm033017.pdf

4

51:20-54:3; 56:3-67:25).  After comments from both opponents and proponents of the amendment, City Council passed Bill No. 170093-A, amending the EV Parking Ordinance to include the hours restrictions and moratorium on further electric vehicle permits being issued. (Compl. ¶24).  Specifically, the amended Bill read as follows:

> [T]he Parking Authority shall designate no additional electric vehicle parking spaces, pending Council's review of the impact of these spaces on overall parking availability and enactment of further legislation.  During such moratorium on new spaces, all existing Electric Vehicle Parking spaces shall be designated as exclusively reserved for Electric Vehicles only from 6:00 p.m. to 6:00 a.m., and non-electric vehicles shall be authorized to park in electric vehicle parking spaces for no more than two (2) hours between the hours of 6:00 a.m. and 6:00 p.m.

(Bill No. 170093-A).  (Compl. ¶24).

On September 21, 2017, Plaintiffs filed their Complaint.  Count I asserts a violation of Plaintiffs' constitutional right to Due Process under 42 U.S.C. §1983.  Specifically, Plaintiffs argue that they have a protectable property interest in their respective reserved electric vehicle parking spaces.  (Compl. ¶31).  Therefore, when City Council amended the EV Parking Ordinance to allow for non-electric vehicles to park in spaces previously reserved for only electric vehicles, Plaintiffs argue they were deprived of a protected property interest without due process.  (Compl. ¶32).  Count II of Plaintiffs' claim asserts a violation of Equal Protection under 42 U.S.C. §1983, arguing that Plaintiffs were treated differently from other similarly situated persons.  (Compl. ¶36).

Lastly, Plaintiffs claim unjust enrichment in Count III.  Plaintiffs allege that they made substantial improvements on public property and expended substantial funds to install electric charging stations.  (Compl. ¶40, 42).  Further, Plaintiffs allege that the City's actions have caused Plaintiffs to lose the value of those charging stations and the improvements Plaintiffs

made on public property.  (Compl. ¶42).  Plaintiffs claim that the City has been unjustly enriched and should not be able to retain the benefits of those improvements.  (Compl. ¶43, 45).

For all the reasons set forth below, all of Plaintiffs' claims fail and the Complaint should be dismissed as a matter of law.

### III. THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM PURSUANT TO F.R. CIV. P. 12(B)(6)

#### a. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2006)).  The complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.

Pursuant to the process articulated in *Twombly* and *Iqbal*, the District Court must first identify all factual allegations that constitute nothing more than "legal conclusions" or "naked assertions," and disregard them for purposes of resolving a motion to dismiss.  *Twombly*, 550 U.S at 555, 556; *Iqbal*, 556 U.S. at 678.  Next, the Court must identify "the well-pleaded, nonconclusory factual allegations[s]," and, taking them as true, determine whether the complaint states a plausible claim for relief.  *Iqbal* at 679.

Plaintiffs do not meet their burden.  Plaintiffs' allegations, together with the publicly available information which this Court may consider, demonstrate that Plaintiffs fail to state any claim against the City.  Further, the deficiencies in Plaintiffs' allegations cannot be cured with further pleadings.  Therefore, the Complaint should be dismissed, with prejudice.

### b. Plaintiffs' Due Process Claim (Count I of the Complaint) Fails as a Matter of Law and Must be Dismissed

Plaintiffs first claim that the City unlawfully deprived them of Due Process by unilaterally amending the EV Parking Ordinance.  Plaintiffs allege that the amendment deprived them of their "protectable property interest in a reserved electric vehicle parking space."  Compl. ¶31.  But Plaintiffs have no "protectable property interest" here.  Plaintiffs cannot allege that they own the parking spaces at issue nor even allege that they have an unfettered right to park in them.  Any electric car could park in the spaces and remain there for weeks or even months on end.  The EV parking spaces are not Plaintiffs' property and Plaintiffs lack any exclusive interest in, or even expectation of exclusive use of, these spaces.  This is not the sort of fundamental property right essential to state a substantive due process claim.  *See Price v. Pennsylvania Prop. & Cas. Ins. Co. Ass'n.,* 158 F. Supp. 2d 547, 553 (E.D. Pa. 2001) (property interests created by entitlements under state law are insufficient to be deemed fundamental).  Nor is it the type of property interest that gives rise to procedural due process rights.  *See Board of Regents v. Roth*, 408 U.S. 564, 577 (1972) ("As the Supreme Court has written with regard to 'property' interests in general, to have such an interest one must have 'more than a unilateral expectation' or 'an abstract need or desire' for it.  Rather, one must have 'a legitimate claim of entitlement to it.'").

Because the EV Parking Ordinance does not bestow any fundamental right or protectable property interest on Plaintiffs, their Due Process claim fails and this Court's analysis can stop here.  However, whether Plaintiffs articulate their claim as substantive or procedural, their Due Process claim also fails for the following reasons.

### i. The City's Amendment to the EV Parking Ordinance Does Not Violate Plaintiffs' Substantive Due Process Rights.

"The Due Process Clause of the Fourteenth Amendment provides that no state shall deprive any person of life, liberty, or property, without due process of law." *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 138–39 (3d Cir. 2000) (internal citations omitted); *Planned Parenthood of S.E. Pennsylvania v. Casey*, 505 U.S. 833, 846–47 (1992) ("it is settled that the due process clause of the Fourteenth Amendment applies to matters of substantive law as well as to matters of procedure") (quoting *Whitney v. California*, 274 U.S. 357, 373 (1927) (Brandeis, J., concurring)).

The amended EV Parking Ordinance is a legislative act affecting anyone requesting an electric vehicle parking permit in the City of Philadelphia. *See Koorn v. Lacey Twp.*, 78 F. App'x 199, 202 (3d Cir. 2003) (a legislative act is generally considered to include laws and broad executive regulations which apply to large swaths of society). Because Plaintiffs have no fundamental right at stake, the EV Parking Ordinance must simply be rationally related to a legitimate government interest. *Nicholas* at 139. To be rationally related to a legitimate state interest, "the law need not be in every respect logically consistent with its aims to be constitutional. It is enough that there is an evil at hand for correction, and that it might be thought that the particular legislative measure was a rational way to correct it." *Rogin v. Bensalem Twp.*, 616 F.2d 680, 689 (3d Cir. 1980) (quoting *Williamson v. Lee Optical,* 348 U.S. 483, (1955)).

The City unquestionably has satisfied the rational relationship requirement, and Plaintiffs do not aver to the contrary. The testimony from the City Council hearings articulated the City's legitimate interest in providing more parking to residents of the City and limiting the number of

8

parking spaces restricted by permitting on City streets.[5]  By limiting the hours that electric vehicles can park in designated parking spaces, the City is addressing these interests.  Therefore, Plaintiffs' substantive due process claim fails as a matter of law.

### ii. The City's Amendment to the EV Parking Ordinance Does Not Violate Plaintiffs' Procedural Due Process Rights

Similarly, Plaintiffs' procedural Due Process claim also fails because procedural due process rights do not attach to legislative actions such as the EV Parking Ordinance.  *See Parker Ave., L.P. v. City of Philadelphia*, 175 F. Supp. 3d 457, 462 (E.D. Pa. 2013), *aff'd sub nom. Parker Ave., L.P. v. The City of Philadelphia,* 660 F. App'x 156 (3d Cir. 2016) (citing *Bi-Metallic Investment Co. v. State Board of Equalization of Colorado,* 239 U.S. 441, 445 (1915) "Where a rule of conduct applies to more than a few people, it is impracticable that everyone should have a direct voice in its adoption. The Constitution does not require all public acts to be done in town meeting or an assembly of the whole. General statutes within the state power are passed that affect the person or property of individuals, sometimes to the point of ruin, without giving them a chance to be heard. Their rights are protected in the only way that they can be in a complex society, by their power, immediate or remote, over those who make the rule.")

There can be no question that the amendment to the EV Parking Ordinance was a legislative action by the City of Philadelphia, one which affects all City residents requesting an electric vehicle parking permit in the City and all City residents who use parking spaces.  The legislative action provided Plaintiffs with Due Process.  As discussed in *Parker Avenue* the remedy for a legislative body passing an ordinance or statute that a citizen does not like is the

---

[5] See Exhibit B at 27:2-24; 32:7-15; 33:4-24, and Exhibit C at 49:15-54:4.

exercise of his or her power to vote.  Therefore, for this reason too Plaintiffs have not stated a claim for procedural Due Process and Count II must be dismissed.

### c. Plaintiffs Equal Protection Claim (Count II of the Complaint) Fails as a Matter of Law and Must Be Dismissed.

Count II avers that Plaintiffs' Equal Protection rights have been violated because the City treated Plaintiffs differently than other similarly situated persons.  (Compl. ¶36).  In order to survive a motion to dismiss regarding Equal Protection, "the plaintiff must plead that it has been treated differently than others similarly situated, that is, differently than others who are alike in all relevant aspects." *Parker Ave., L.P.* F. Supp. 3d at 460.  Further, Plaintiffs have the burden to provide sufficient facts to prove [an equal protection claim]. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, (2007).

In analyzing an Equal Protection claim "[t]he first step is to examine whether the complaining party is similarly situated to other uses that are permitted.  If the entities are similarly situated, then the City must justify its different treatment of the two under the rational basis test.  Under rational basis, the burden is on the party challenging the validity of the ordinance to establish that the statute is unconstitutional.  The party defending the constitutionality of the action need only demonstrate some legitimate justification that motivated the action." *CMR D.N. Corp. v. City of Philadelphia*, 829 F. Supp. 2d 290, 303 (E.D. Pa. 2011), *aff'd*, 703 F.3d 612 (3d Cir. 2013) (internal citations omitted).

Plaintiffs do not and cannot provide facts to establish any plausible claim for Equal Protection.  Plaintiffs cannot establish that they were treated differently than any similarly

situated entity.[6]  *Startzell v. City of Philadelphia, Pennsylvania*, 533 F.3d 183, 203 (3d Cir. 2008) ("Persons are similarly situated under the Equal Protection Clause when they are alike in all relevant aspects.") (internal citations omitted.)   Under a similarly situated analysis, all electric vehicle owners would be similarly situated.  The amended EV Parking Ordinance treats every electric vehicle parking permit holder the same way.  There are no provisions that provide for different treatment of these similarly situated people under the amendment.  Therefore, Plaintiffs Equal Protection claim fails.

Further, even if Plaintiffs could pass the "similarly situated" threshold, the City need only offer legitimate justification for passing the amended statute.  The legislative history of the ordinance and amendment demonstrate the City's legitimate interest in providing parking for all citizens and making sure that there was a sustainable policy related to electric vehicle parking going forward.  Therefore, there can be no plausible claim for Equal Protection, and this claim should be dismissed.

### d. Plaintiffs' Unjust Enrichment Claim (Count III of the Complaint) Fails as a Matter of Law and Must Be Dismissed.

Lastly, Plaintiffs attempt to assert an unjust enrichment claim, but this too fails. In Pennsylvania, an unjust enrichment claim must allege that: (1) plaintiff conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) acceptance and retention by the defendant of the benefits, under the circumstances, would make it inequitable for the defendant to retain the benefit without paying for the value of the benefit. *Com. ex rel. Pappert v. TAP*

---

[6] Even if the City assumes that Plaintiffs were treated differently than other electric vehicle owners, Plaintiffs unquestionably were treated better, not worse, than other electric vehicle owners.  Specifically, Plaintiffs already possess electrical vehicle permits, and are allowed to continue to utilize the electrical vehicle parking spaces in front of their residence for 12 hours a day.  On the other hand, electric vehicle owners who were not approved for permits prior to the passing of the amendment are not entitled to a permit at all.

11

*Pharm. Prods., Inc.,* 885 A.2d 1127 (Pa. Commw. 2005). Further, "[plaintiff] cannot merely allege its own loss as the measure of recovery-i.e., the value of labor and materials expended-but instead must demonstrate that [defendant] has in fact been benefitted…the mere fact that one party benefits from the act of another is not of itself sufficient to justify restitution. There must also be an injustice in permitting the benefit to be retained without compensation." *Meehan v. Cheltenham Twp.,* 189 A.2d 593, 596 (Pa. 1963).

Thus, Plaintiffs must first articulate the benefit that the City received. (*Canfield v. Statoil USA Onshore Properties Inc.,* No. CV 3:16-0085, 2017 WL 1078184, at *29–30 (M.D. Pa. Mar. 22, 2017), *reconsideration denied,* No. CV 3:16-0085, 2017 WL 2535941 (M.D. Pa. June 12, 2017), *citing* Restatement (First of Restitution §1 cmt. b. ("A person confers a benefit upon another if he gives to the other possession of or some other interest in money, land, chattels, or choses in action, performs services beneficial to or at the request of the other, satisfies a debt or a duty of the other, or in any way adds to the other's security or advantage. He confers a benefit not only where he adds to the property of another, but also where he saves the other from expense or loss. The word benefit, therefore, denotes any form of advantage.")

Under this analysis Plaintiffs cannot prove any benefit to the City. Plaintiffs did not provide any money or land to the City. In fact, the permit established a benefit to *Plaintiffs* because Plaintiffs received the benefit of almost exclusive access to a parking space on City streets. Additionally, no services were performed to the benefit of the City. Plaintiffs may argue that they installed a charging station near their permitted parking station, but these stations can only be used by the individual who installed them. The City has no access nor any right to access them, and thus receives no benefit from them. Potentially, were one of the Plaintiffs to move and leave such a station behind, the City would incur the expense of having to remove it.

Nor have Plaintiffs conferred any advantage on the City. The City received no advantage from allowing electric vehicle owners access to almost exclusive parking spaces on busy City streets. To the contrary, the City has been disadvantaged by having to spend time and money inspecting charging stations, installing parking signs, and enforcing the parking restrictions. Plaintiffs' Unjust Enrichment claim is baseless.

## IV. CONCLUSION

For all the reasons discussed herein, the City respectfully requests that its motion to dismiss be granted and Plaintiffs' Complaint be involuntarily dismissed with prejudice, pursuant to F.R. Civ. P 12(b)(6). Plaintiffs have failed to articulate a cognizable claim upon which relief may be granted.

/s/ Eleanor N. Ewing
Eleanor N. Ewing
Chief Deputy City Solicitor
Pa. Attorney ID No. 28226
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
(215) 683-5012
eleanor.ewing@phila.gov


/s/ Benjamin H. Field
Benjamin H. Field
Deputy City Solicitor
Pa. Attorney ID No. 204569
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
(215) 683-5024
Benjamin.Field@phila.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on the date set forth below, I served a true and correct copy of the foregoing Motion to Dismiss and Memorandum in Support, sent automatically by CM/ECF on the following counsel who are registered as CM/ECF filing users and have consented to accepting electronic service through CM/ECF:

Sean P. Whalen, (PA Bar ID 200709)
Joseph C. Monahan, (PA Bar ID 87173)
VINTAGE LAW LLC
6 Coulter Avenue, Suite 1000
Ardmore, PA 19003

Stephan Matanovic (PA Bar ID 83459)
MATANOVIC LAW LLC
399 Market Street, Suite 360
Philadelphia, PA 19106

Counsel for Plaintiffs
Morlok et al

                                                  BY:   /s/ Eleanor Ewing

                                                         Chief Deputy City Solicitor

Dated:  November 3, 2017