IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM MORLOK, ADAM NOVICK, | : | |
| THEODORE LEWIS, individually and on behalf | : | |
| of all others similarly situated, | : | |
| Plaintiffs | : | CIVIL ACTION 17-4213 |
| | : | |
| vs. | : | |
| | : | |
| CITY OF PHILADLEPHIA, | : | |
| Defendant | | |

**REPLY BRIEF IN SUPPORT OF DEFENDANT CITY OF PHILADELPHIA'S**
**MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

**PURSUANT TO F.R. CIV. P. 12(b)(6)**

Defendant, the City of Philadelphia, by and through its undersigned counsel, hereby files

this Reply Brief (the "Reply") in Support of its Motion to Dismiss Plaintiffs' First Amended

Complaint (the "Amended Complaint") for Failure to State a Claim (the "Motion to Dismiss")

pursuant to F. R. Civ. P. 12(b)(6).

In their Response to the City's Motion to Dismiss (the "Response"), Plaintiffs fail to

provide any new information that would support their legal claims.  Instead, they attempt to

distract from the clear insufficiency of these claims by framing this case, which concerns

legislative changes regarding the future of Electric Vehicle ("EV") infrastructure, as a case about

parking on City streets.  Plaintiffs, who have touted themselves as supporters of robust EV

infrastructure for the City, clearly show in the Response that their sole interest is retaining their

almost exclusively reserved parking spaces on City streets.  Upon this backdrop Plaintiffs merely

rely on the same failed arguments which doomed their first complaint.  Because they have

1

nothing else to stand on, Plaintiffs' Amended Complaint should be dismissed with prejudice.[1]

## I.      Plaintiffs Fail to State a Claim for Violation of Substantive Due Process

   a.   The Amended EV Parking Ordinance Does Not Have Retroactive
        Application.

Plaintiffs again argue that the amended EV ordinance has retroactively targeted them and

stripped them of their ability to use their charging stations.[2]  As the City argued in its first

motion to dismiss, there is no support for this position.  "An act is not retroactively construed

when applied to a condition existing on its effective date even though the condition results from

events which occurred prior to that date.  A statute is not retroactive because a part of the

requisites for its action is drawn from a time antecedent to its enactment."  *City of Philadelphia*

*to Use of Polselli v. Phillips*, 179 Pa. Super. 87, 96, 116 A.2d 243, 247 (1955) (*Citing Burger v.*

*Unemployment Comp. Bd. of Review*, 168 Pa. Super. 89, 94, 77 A.2d 737, 739 (1951).  (Internal

citations omitted).  Thus, while enactment of the amended EV ordinance may, in part, modify the

privileges and obligations that current EV permit holders possess going forward, this does not

constitute retroactive application.  The amended EV ordinance can rely on the actions EV permit

holders took in the past (applying for, complying with the requirements, and being approved for

parking permits) to require different actions, based on that approval, in the future.  Plaintiffs thus

---

[1] Should the Court grant this Motion to Dismiss, Plaintiffs request they be allowed to amend their complaint for a third time.  Despite every opportunity, Plaintiffs have not pled any new information in this Amended Complaint, and there is no conceivable set of facts that they could plead in a second amended complaint that would survive a motion to dismiss.  Therefore, leave to amend should be denied.  ("[L]eave to file an amendment should be denied if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Freedom Int'l Trucks, Inc. of New Jersey v. Eagle Enterprises, Inc.,* 182 F.R.D. 172, 175 (E.D. Pa. 1998)) (internal citations omitted).

[2] As the City articulated in this Motion to Dismiss, the original complaint was filed in response to the City's first amendment to the EV ordinance in 2017.  The EV ordinance was again amended in April 2018.

have not shown any retroactive application of the amended EV ordinance.[3]

   b. Plaintiffs Do Not Have a Protected Property Interest in a Parking Space on a City Street for the Purposes of Substantive Due Process.

   In their attempt to resurrect a substantive due process claim, Plaintiffs argue that they have a protected property interest in a parking space on a City street.  Their sole source of this supposed property interest is the Court's prior Opinion, which indicated that Plaintiffs might have a protectable property interest solely in the context of *procedural* due process. [4] Substantive and procedural due process protections require different levels of property interest, and Plaintiffs cannot meet the higher standard required for substantive due process.

   Substantive due process challenges require a more robust property interest than procedural due process challenges to survive a motion to dismiss.  Procedural due process allows a property interest to stem from a state law or state created benefit. *Potts v. City of Philadelphia*, 224 F. Supp. 2d 919, 939 (E.D. Pa. 2002).  Substantive due process however, demands a more restrictive approach.  "Even if one assumes the existence of a property right…not every such right is entitled to the protection of substantive due process.  While property interests are protected by procedural due process even though the interest is derived from state law rather than the Constitution, substantive due process rights are created only by the Constitution." *Nicholas v. Pennsylvania State University*, 227 F.3d 133 (3d. Cir. 2000).  Further, this Circuit has limited protected property rights in the substantive due process context solely to interests in real

---

[3] In dismissing Plaintiffs' first complaint, this Court rejected this argument, holding that "[p]laintiffs' suggestion that this amendment has a retroactive impact on their rights is unavailing.  As the City points out, the modification of privileges that Plaintiffs enjoy under Section 12-1131 does not constitute a retroactive application of the law to Plaintiffs' rights.  Rather, it is simply a change in the law that will dictate the rules regarding the parking spaces moving forward."  (Opinion on first Motion to Dismiss (D.E. 22 at 10) herein after "Opinion").

[4] Plaintiffs argue that the law of the case doctrine requires the Court to dismiss any attempt to relitigate issues already decided, but that doctrine does not apply here because Plaintiffs misstate what was in fact decided.

property.  *See Nicholas* at 141.

Therefore, even if Plaintiffs plead a property interest created by state law sufficient for procedural due process (i.e. a property interest in their permitted parking spaces, created by the EV ordinance), as a matter of law they have not met the higher standard required to establish a property interest worthy of substantive due process protection.  Plaintiffs have not plead and cannot plead any rights in real property in this case.  What is at stake is a reserved parking space on a City street, not through ownership of that street space but solely through a permitting scheme which restricted other parking on that City-owned property.  There is no conceivable way to conclude that this reserved space creates any interest in real property.  Therefore, any argument that the City is in violation of substantive due process fails at the outset because there is no protectable property interest.

      c.   Substantive Due Process Does Not Require the City to Explore Every Possible Solution Before Finding a Legitimate Government Interest.

Plaintiffs argue that the City's amended EV ordinance does not meet the City's stated goal of increasing parking in the City nearly as effectively as other measures could have.[5] Specifically, Plaintiffs criticize why the EV ordinance was changed instead of "curtailing handicapped parking spaces" or "limit[ing] the space reserved for loading zones".  (Response at 13).  Plaintiffs miss the point.  Substantive due process does not require a party to undertake an analysis of *every* avenue available to reach its goal, but merely requires that the avenue it chooses stand up to the proper scrutiny.

As the City argued in its first Motion to Dismiss, "[i]t is enough that there is an evil at

---

[5] Plaintiffs do not even address the City's other stated goal in amending the ordinance, which was finding effective, large scale ways to enhance EV infrastructure in the city, thereby undercutting their professed concern for improving overall EV access and usage.

hand for correction, and that it might be thought that the particular legislative measure was
[enacted as] a rational way to correct it." *Rogin v. Bensalem Twp.*, 616 F.2d 680, 689 (3d Cir.
1980).  In other words, just because there are other ways to achieve a legitimate government goal
that does not mean that a government action does not pass rational basis scrutiny.  The City is
not required to explore every single possibility so long as the actions it took are rationally related
to a legitimate government interest.  In its Opinion dismissing the first complaint, the Court
agreed, concluding that, "[w]hile Plaintiffs point out several other actions the City could have
taken in order to achieve the stated goal of increasing the number of parking spaces available to
the general public, the existence of these alternative in no way undermines the rationality of the
City's choice to pursue its aim in the particular way that it did, by amending [the EV
ordinance]."  (Opinion at 10).  Therefore, Plaintiffs' argument fails.

## II.       Plaintiffs Have Not Sufficiently Plead a Claim for Equal Protection

For the reasons articulated in the City's first Motion to Dismiss, and as the Court
concluded in its Opinion dismissing Plaintiffs' first complaint, Plaintiffs do not plead the proper
similarly situated group.  The correct group would be other EV owners who could take
advantage of reserved EV parking spaces in the City. [6]   When compared to this group, however,
Plaintiffs were treated better, not worse, because Plaintiffs have close access to chargers, directly
in front of their homes, while EV owners without reserved EV parking permits do not.

Even if Plaintiffs could clear this hurdle, their equal protection claim still fails because
the legislation must simply be rationally related to a legitimate government interest:

---

[6] The Court stated, "[f]rom the alleged facts it appears that the relevant group is all electric vehicle owners in
Philadelphia who seek to take advantage of the parking spaces reserved for electric vehicles under Section 12-1131."
(Opinion at 11).

> The Supreme Court has explained just how much freedom a legislature has in enacting a statute to which rational basis review applies [specifically the] distinctions drawn by a challenged statute must bear some rational relationship to a legitimate state end and will be set aside as violative of the Equal Protection Clause only if based on reasons totally unrelated to the pursuit of that goal.   Legislatures are presumed to have acted constitutionally…and their statutory classifications will be set aside only if no grounds can be conceived to justify them.

*Parker v. Conway,* 581 F.3d 198, 202 (3d Cir. 2009).  The City's amendment to the EV ordinance clearly passes the rational basis test.  The City's stated goals were to find more effective ways to create sustainable EV policy and to increase parking in congested areas of the City.  The legislative history of the EV ordinance and amendment, as well as the Task Force Report, clearly demonstrate that the amended EV ordinance meets these goals.  Plaintiffs have not set forth any facts that would refute this, nor indicated that there is not a legitimate government interest behind the amendment.  There is therefore no plausible claim for Equal Protection.

### III.      Plaintiffs Have Not Conferred any Unjust Benefit on the City.

Finally, Plaintiffs allege that the City was benefited by their installation of EV charging stations because the City was allowed to market itself as progressive and environmentally friendly.  As the City refuted in its first Motion to Dismiss, there was no benefit to the City.  The Task Force Report, (the "Report") which was published after a painstaking review of the current EV program and the participation of two EV parking space holders, (who are, therefore, members of the putative class) clearly shows that the EV program as originally enacted did not and does not benefit the City.  As articulated in the present Motion to Dismiss, the Report indicates that converting the chargers to public use is not feasible, and therefore those chargers provide no benefit to the City.

Further, the Report rejects the alleged benefit of being able to tout the City's EV

infrastructure since, with so few actual EV permit holders, the Report concluded that the City falls behind other cities in its EV infrastructure.  Trying to promote a mere 68 private access charging stations as the cornerstone of its EV infrastructure only showcases how far Philadelphia must come to be on the forefront of EV infrastructure and, instead of being a benefit, acts as a detriment to promoting that image.

Even assuming there was any benefit that was appreciated by the City, Plaintiffs cannot support the necessary conclusion that the City's retention of it was "unjust."  The EV Permit Applications made clear that permits were not issued in perpetuity.  (Exhibit A to Plaintiffs Amended Complaint).  Permit renewal fees and compliance with the program were ongoing requirements.  When Plaintiffs applied for and were granted permits, those permits were only good for one year.  There is nothing in the permit language that required the City to issue a renewal, and permits were not permanently granted.

As the Court concluded in its Opinion, "[n]o Plaintiff was promised <u>any</u> reserved parking space in return for the installation of an electric vehicle charging station; rather, they all chose to pay for the equipment and the installation on City property without a guaranteed return, and with full knowledge that they would be benefiting the City in the particular way they now allege is unjust.  This cannot be."  (Opinion at 14).  Applying this logic to the one-year term of each permit, any enrichment the City received was not unjust.  Plaintiffs knew at the outset that these permits were subject to a finite term with no guarantee of renewal but they still undertook the task of installing them.  This does not support a finding that any alleged benefit the City received was unjust and Plaintiffs claim should be dismissed.

## IV.    Conclusion

For all the reasons discussed herein, the City respectfully requests that its motion to

dismiss be granted and that Plaintiffs' Amended Complaint be dismissed, with prejudice.

/s/ Amy M Kirby

Amy M Kirby
Deputy City Solicitor
Pa. Attorney ID No. 323938
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
(215) 683-3566
amy.kirby@phila.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on the date set forth below, I served a true and correct copy of the foregoing **Reply Brief in Support of the City's Motion to Dismiss** by Notice of Docket Activity sent automatically by CM/ECF on the following counsel who are registered as CM/ECF filing users and have consented to accepting electronic service through CM/ECF:

Sean P. Whalen, (PA Bar ID 200709)
Joseph C. Monahan, (PA Bar ID 87173)
VINTAGE LAW LLC
6 Coulter Avenue, Suite 1000
Ardmore, PA 19003

Stephan Matanovic (PA Bar ID 83459)
MATANOVIC LAW LLC
399 Market Street, Suite 360
Philadelphia, PA 19106

Counsel for Plaintiffs
Morlok et al.

BY:    /s/ Amy Kirby
       Deputy City Solicitor

Dated:  July 17, 2018

9