IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Morlok, et al., | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | No. 17-cv-4213 |
| | : | |
| City of Philadelphia, | : | |
| Defendant | : | |
| _____ | : | |

**PLAINTIFFS' MOTION TO COMPEL FULL AND COMPLETE RESPONSES TO WRITTEN DISCOVERY**

Plaintiffs William Morlok, Adam Novick, and Theodore Lewis, individually and on behalf of all others similarly situated, by and through the undersigned counsel, hereby move to compel the defendant, the City of Philadelphia, to provide full and complete discovery responses. Pursuant to Local Rule 7.1(c), Plaintiffs incorporate by reference their Memorandum of Law as though fully set forth herein.

Respectfully submitted,

MATANOVIC LAW LLC

/s/ Stephan Matanovic

Stephan Matanovic (Pa. Bar ID 83459)
399 Market Street
Suite 360
Philadelphia, PA 19106
(215) 915-7978
smatanovic@matanoviclaw.com


VINTAGE LAW LLC
Sean P. Whalen (PA Bar ID 200709)
6 Coulter Avenue, Suite 1000
Ardmore, PA 19003
(484) 416-3207
sw@vintage-law.com


Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Morlok, et al., | : | |
|     Plaintiffs | : | |
| | : | |
|     v. | : | No. 17-cv-4213 |
| | : | |
| City of Philadelphia, | : | |
|     Defendant | : | |
| _____ | : | |

## **PROPOSED ORDER**

AND NOW, this _____ day of _____, 2019, upon consideration of the Plaintiffs' Motion to Compel Full and Complete Responses to Written Discovery and Defendants' Response thereto, it is hereby ORDERED that the Motion GRANTED. Defendants shall provide full and complete responses to Plaintiffs' written discovery within ten (10) days of this Order.

BY THE COURT:

_____

HONORABLE MICHAEL BAYLSON

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Morlok, et al., | : | |
|     Plaintiffs | : | |
| | : | |
|     v. | : | No. 17-cv-4213 |
| | : | |
| City of Philadelphia, | : | |
|     Defendant | : | |
| _____ | : | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL FULL AND COMPLETE RESPONSES TO WRITTEN DISCOVERY**

Plaintiffs William Morlok, Adam Novick, and Theodore Lewis, individually and on behalf of all others similarly situated ("Plaintiffs"), and by and through the undersigned counsel, hereby move for an order compelling the the City of Philadelphia's (the "City") to respond to written discovery. Incredibly, in this, a case involving the retroactive elimination of the Plaintiffs' designated and exclusively reserved electric vehicle parking places ("EV Spaces") *through legislative action*, the City has objected to and refused to respond to discovery relating, *inter alia*, to that very legislative action. The City should be compelled to do so.

    **I.**    **Factual Background**

In November of 2007, the City, very publicly and with great national fanfare, encouraged its residents to buy electric vehicles ("EVs") by passing an ordinance

through which City residents could qualify to obtain exclusively reserved EV Spaces.[1] Then, in the spring of 2017, the City passed a new ordinance that amended the City's 2007 ordinance and retroactively stripped Plaintiffs of the exclusively reserved EV spaces to which they were entitled, and which had already been granted to them. In ultimately-unsuccessful attempts to have the Court dismiss Plaintiffs' pleadings, the City argued that the 2017 ordinance, and a 2018 amendment that further calcified the City's position, were benign legislation of general application to all Philadelphia residents. *See, e.g.* Defendants' Motion to Dismiss Plaintiffs' Amended Complaint, D.E. 26.

II. **Procedural History**

In accordance with the Court's instructions, Plaintiffs propounded eighteen (18) interrogatories and nineteen (19) requests for production. *See* Exhibits 1, 2. In response, the City refused to answer *nearly half* of this discovery, objecting to, and providing no responses, to eight (8) document requests and seven (7) interrogatories. *See* Exhibits 3 – 6. The City refused outright to respond to all discovery regarding the drafting and amendment of the city ordinance at issue; the City's efforts to promote itself as an environmentally– and technologically – advanced municipality; and the City's deprivation of the Plaintiffs' ability to use their electric cars and infrastructure to charge them. *See*, *Id*.

---

[1] In reliance on this ordinance, the City induced sixty-eight (68) of its residents – Plaintiffs and the putative class – to spend thousands of dollars to purchase EVs, the required EV-charging equipment, and have said equipment installed, inspected and permitted. Pursuant to the 2007 ordinance, each of the Plaintiffs obtained an exclusively reserved EV space near their respective homes, serviced by the EV charging stations and related infrastructure that they purchased and installed.

Specifically, the City refused to produce any documents in response to the following requests for production:[2]

6. Produce all documents relating to efforts by the City of Philadelphia to attract new and/or expanded commercial activity to the City, including any bid documents or responses to requests for proposal, submitted to business entities.

**ANSWER: The City objects to this RFP as overbroad, vague, burdensome, not relevant to Plaintiffs' claims, and not reasonably calculated to lead to the discovery of admissible evidence. Efforts to attract new or expanded commercial activity are not relevant to the sole remaining claim of unjust enrichment in the lawsuit.**

7. Produce all documents relating to efforts by the City of Philadelphia to induce businesses to relocate to the City of Philadelphia, including any bid documents or responses to requests for proposal, submitted to businesses, from 2007 to the present.

**ANSWER: The City objects to this RFP as overbroad, vague, burdensome, not relevant to Plaintiffs' claims, and not reasonably calculated to lead to the discovery of admissible evidence. Efforts to induce businesses to relocate to the City of Philadelphia are not relevant to the sole remaining claim of unjust enrichment in the lawsuit.**

---

[2] *See* Exhibits 3, 5.

11. Produce all documents relating to the City of Philadelphia's efforts to market and/or promote itself as a technologically-advanced municipality, from 2007 to the present.

**ANSWER: The City objects to the RFP as overbroad, vague, not relevant to Plaintiffs' claims, and not reasonably calculated to lead to the discovery of admissible evidence. Any efforts to promote or market the City as a technologically-advanced municipality are not relevant to the sole remaining claim of unjust enrichment in this case.**

12. Produce all documents relating to Philadelphia City Ordinance 12-1131, (§12-1131").

**ANSWER: The City objects to this RFP as overbroad, vague, and not relevant to Plaintiffs' claims or defenses. Information relating to the Philadelphia City Ordinance are not at issue in the sole remaining claim of unjust enrichment in this case.**

13. Produce all Constituent Communications received by you relating to the Electric Vehicle Program.

**ANSWER: The City objects to the RFP as overbroad, vague, not relevant to Plaintiffs' claims, and not reasonably calculated to lead to the discovery of admissible evidence. Any Constituent Communications regarding the electric vehicle program are not relevant to the sole remaining claim of unjust enrichment in this case.**

15. Produce all documents relating to any and all amendments to Philadelphia City Ordinance 12-1131, (§12-1131").

**ANSWER: The City objects to this RFP as overbroad, vague, and not relevant to Plaintiffs' claims or defenses. Information relating to amendments to the Philadelphia City Ordinance are not at issue in the sole remaining claim of unjust enrichment in this case.**

16. Produce all documents and communications between and among current and/or former members of Philadelphia City Council, relating to the Electric Vehicle Program.

**ANSWER: The City objects to the RFP as overbroad, vague, not relevant to Plaintiffs' claims, and not reasonably calculated to lead to the discovery of admissible evidence. Information related to communications between and among current and/or former members of Philadelphia Council related to the Electric Vehicle program is not relevant to Plaintiffs' sole remaining claim of unjust enrichment in this case.**

17. Produce all documents and communications between and among current and/or former members of Philadelphia City Council, and current and/or former holders of the office of the Mayor of Philadelphia.

**ANSWER: The City objects to the RFP as overbroad, vague, not relevant to Plaintiffs' claims, and not reasonably calculated to lead to the discovery of admissible evidence. Information related to documents and communications between and among current and/or former members of**

**Philadelphia Council and current and/or former holders of the office of the Mayor of Philadelphia is not relevant to the sole remaining claim of unjust enrichment in this case.**

In addition, the City refused the answer the following Interrogatories:[3]

2. Identify all persons with knowledge of the drafting of Philadelphia City Ordinance 12-1131, ("§12-1131"), as originally enacted, as well as amended.

**ANSWER: The City objects to this interrogatory as overbroad, vague, and not relevant to Plaintiffs' claims or defenses. Information related to the drafting of the Philadelphia City Ordinance or amendments thereto are not at issue in the sole remaining claim of unjust enrichment in this case.**

5. Identify all efforts by the City of Philadelphia to attract new and/or expanded commercial activity to the City, including any bid documents or responses to requests for proposal, submitted to business entities.

**ANSWER: The City objects to this interrogatory as overbroad, vague, burdensome, not relevant to Plaintiffs' claims, and not reasonably calculated to lead to the discovery of admissible evidence. Efforts to attract new or expanded commercial activity are not relevant to the sole remaining claim of unjust enrichment in the lawsuit.**

6. Identify all efforts by the City of Philadelphia to induce businesses to

---

[3] *See* Exhibits 4, 6.

relocate to the City of Philadelphia, including any bid documents or responses to requests for proposal, submitted to businesses, from 2007 to the present.

**ANSWER: The City objects to this interrogatory as overbroad, vague, burdensome, not relevant to Plaintiffs' claims, and not reasonably calculated to lead to the discovery of admissible evidence. Efforts to induce businesses to relocate to the City of Philadelphia are not relevant to the sole remaining claim of unjust enrichment in the lawsuit.**

13. Identify all efforts by the City of Philadelphia to market and/or promote itself as a technologically-advanced municipality, from 2007 to the present.

**ANSWER: The City objects to the interrogatory as overbroad, vague, not relevant to Plaintiffs' claims, and not reasonably calculated to lead to the discovery of admissible evidence. Any efforts to promote or market the City as a technologically-advanced municipality are not relevant to the sole remaining claim of unjust enrichment in this case.**

14. Identify all Constituent Communications received by you relating to the Electric Vehicle Program.

**ANSWER: The City objects to the interrogatory as overbroad, vague, not relevant to Plaintiffs' claims, and not reasonably calculated to lead to the discovery of admissible evidence. Any Constituent Communications regarding the electric vehicle program are not relevant to the sole remaining claim of unjust enrichment in this case.**

15. Identify all documents and communications between and among current and/or former members of Philadelphia City Council, relating to the Electric Vehicle Program.

**ANSWER: The City objects to the interrogatory as overbroad, vague, not relevant to Plaintiffs' claims, and not reasonably calculated to lead to the discovery of admissible evidence. Information related to communications between and among current and/or former members of Philadelphia Council related to the Electric Vehicle program is not relevant to Plaintiffs' sole remaining claim of unjust enrichment in this case.**

16. Identify all documents and communications between and among current and/or former members of Philadelphia City Council, and current and/or former holders of the office of the Mayor of Philadelphia.

**ANSWER: The City objects to the interrogatory as overbroad, vague, not relevant to Plaintiffs' claims, and not reasonably calculated to lead to the discovery of admissible evidence. Information related to documents and communications between and among current and/or former members of Philadelphia Council and current and/or former holders of the office of the Mayor of Philadelphia is not relevant to the sole remaining claim of unjust enrichment in this case.**

### III. Legal Argument

### a. Plaintiffs Are Entitled to Full and Complete Discovery from the City

Federal Rule of Civil Procedure 26(b)(1) allows discovery:

> regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

*See* Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) "is to be construed broadly and encompasses any matter that bears on, or that reasonably could bear on, any issue that is or may be in this case." *See Great West Life Assur. Co. v. Levithan*, 152 F.R.D. 494, 497 (E.D. Pa. 1994) (*citing Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 (1978)). Discovery is generally permitted for any items that are relevant or may lead to the discovery of relevant information. *See Transcontinental Fertilizer Co. v. Samsung, Co.*, 108 F.R.D. 650, 652 (E.D. Pa. 1985).

The discovery that the City has objected to is clearly relevant, and goes to the very heart of the claim remaining in this case: 1) the drafting and amendment of the City ordinance at issue; 2) the City's efforts to promote itself as an environmentally– and technologically – advanced municipality, including electric vehicle charging infrastructure; and 3) the City's deprivation of the Plaintiffs' ability to use their electric cars and infrastructure to charge them. Plaintiffs' discovery is relevant to the remaining legal issues and is narrowly calculated to lead to the discovery of admissible evidence.

The sole objection raised is relevance:[4] the City makes no claim of legislative privilege, nor raises any other argument to support its refusal to produce the discovery responses at issue. Given that the legal issue in this case is unjust enrichment through legislative action, the City's argument that the discovery sought is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence borders on the nonsensical. The City's objections should be overruled, and the Court should order the City to provide full and complete responses to all discovery propounded.

### IV.     Conclusion

Plaintiffs' discovery seeks information and documents that go to the heart of the legal claim in this case. The drafting and amendment of the City ordinance at issue, the City's efforts to promote itself as an environmentally– and technologically – advanced municipality, and the City's deprivation of the Plaintiffs' ability to use their electric cars and infrastructure to charge them, are plainly relevant to Plaintiffs' Amended Complaint, and Defendant should be compelled to provide full and complete responses to Plaintiffs' discovery.

> Respectfully submitted,
> MATANOVIC LAW LLC
>
> /s/ Stephan Matanovic
>
> Stephan Matanovic (Pa. Bar ID 83459)
> 399 Market Street
> Suite 360
> Philadelphia, PA 19106
> (215) 915-7978
> smatanovic@matanoviclaw.com

---

[4] *See* Exhibits 3 -6.

VINTAGE LAW LLC
Sean P. Whalen (PA Bar ID 200709)
6 Coulter Avenue, Suite 1000
Ardmore, PA 19003
(484) 416-3207
<u>sw@vintage-law.com</u>


Attorneys for Plaintiffs

## CERTIFICATION PURSUANT TO LOCAL RULE 26.1(f)

Pursuant to Local Rule of Civil Procedure 26.1(f), the undersigned counsel, on behalf of Plaintiffs, certifies that the parties met and conferred on several occasions and, after reasonable effort, have been unable to resolve the dispute set forth in the preceding motion.

MATANOVIC LAW LLC

/s/ Stephan Matanovic

Stephan Matanovic (Pa. Bar ID 83459)
399 Market Street
Suite 360
Philadelphia, PA 19106
(215) 915-7978
smatanovic@matanoviclaw.com


VINTAGE LAW LLC
Sean P. Whalen (PA Bar ID 200709)
6 Coulter Avenue, Suite 1000
Ardmore, PA 19003
(484) 416-3207
sw@vintage-law.com

**CERTIFICATE OF SERVICE**

I, Stephan Matanovic, hereby affirm that on July 23, 2019, a copy of the Plaintiffs' Motion to Compel and Memorandum in support thereof were served via the Court's ECF electronic filing system on the following:

Amy M. Kirby Solicitor
Benjamin N. Field
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
*Counsel for Defendant City of Philadelphia*

/s/ Stephan Matanovic