**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | : | |
| **WILLIAM MORLOK, ADAM NOVICK,** | : | |
| **THEODORE LEWIS, individually and on behalf:** | | |
| **of all others similarly situated,** | : | |
| **Plaintiffs,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 17-4213** |
| | : | |
| **CITY OF PHILADELPHIA,** | : | |
| **Defendant.** | : | |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2019, upon consideration of

the Motion to Compel Plaintiffs' Complete Verified Amended Interrogatory Responses, it is

**HEREBY ORDERED** that the Motion is **GRANTED**.  It is **FURTHER ORDERED** that

Plaintiff shall provide complete verified amended interrogatory responses within ten (10) days of

this Order.

BY THE COURT:

_____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **WILLIAM MORLOK, ADAM NOVICK,** | : | |
| **THEODORE LEWIS, individually and on behalf:** | | |
| **of all others similarly situated,** | : | |
| **Plaintiffs,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 17-4213** |
| | : | |
| **CITY OF PHILADELPHIA,** | : | |
| **Defendant.** | : | |

## <u>MOTION TO COMPEL PLAINTIFFS' COMPLETE VERIFIED AMENDED DISCOVERY RESPONSES</u>

Defendant, the City of Philadelphia, ("the City"), by and through the undersigned counsel, hereby files this Motion to Compel Plaintiffs' Complete Verified Amended Discovery Responses. In support of this motion, the City incorporates the attached Memorandum of Law. The City respectfully requests that this Court issue an order requiring Plaintiffs to provide complete, verified interrogatory responses and within ten (10) days of an Order granting the City's Motion.

Date:  August 6, 2019

<u>/s/ Amy Kirby</u>
Amy Kirby
Deputy City Solicitor
Pa. Attorney ID No. 323938
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
215-683-3566
Amy.Kirby@phila.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM MORLOK, ADAM NOVICK,** | : | |
| **THEODORE LEWIS, individually and on behalf:** | | |
| **of all others similarly situated,** | : | |
| **Plaintiffs,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 17-4213** |
| | : | |
| **CITY OF PHILADELPHIA,** | : | |
| **Defendant.** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL
PLAINTIFFS' COMPLETE VERIFIED AMENDED INTERROGATORY RESPONSES**

Plaintiffs' William Morlok, Adam Novick, and Theodore Lewis ("Plaintiffs") filed a

Complaint asserting claims against Defendant the City of Philadelphia ("the City").  Subsequent

to this Court's dismissal of Plaintiffs' First Complaint, Plaintiffs filed an Amended Complaint.

The City now seeks an order compelling Plaintiffs to provide complete, verified amended

responses to the City's interrogatories pursuant to Federal Rule of Civil Procedure 33.

**I.  BACKGROUND**

A.  Plaintiffs' Amended Complaint and Remaining Claim.

Plaintiffs initiated this litigation by filing a putative class action Complaint.  Plaintiffs

alleged that they are electric vehicle owners (Complaint, Dkt. 1, at 20), that they obtained

permits for electric vehicle parking spaces in front of their homes (Complaint at 21-23), that they

installed charging stations for their vehicles (Complaint at 21), and that the City violated their

rights by changing time limitations for the use of the parking spaces (Complaint at 26).  Based on

these allegations, Plaintiffs claimed that the City violated their constitutional rights to due

1

process and equal protection. Plaintiffs also asserted the the quasi-contractual claim of unjust enrichment.

The City moved to dismiss Plaintiffs' claims in their entirety, which this Court granted after argument by the parties. (Dkt. 9). Plaintiffs then filed an Amended Complaint (Dkt 24), again asserting constitutional and quasi-contractual claims. In response to the City's renewed Motion to Dismiss, the Court ruled that Plaintiffs constitutional claims must be dismissed and that their case could only continue into discovery based on the unjust enrichment claim. *Morlok v. City of Philadelphia*, No. CV 17-4213, 2018 WL 6092719, at *8 (E.D. Pa. Nov. 21, 2018) (Dkt. 33). The Court explained that "[t]he elements of an unjust enrichment claim under Pennsylvania law are as follows: "(1) benefits conferred on defendant by plaintiff; (2) appreciation of such benefits by defendant; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." (citations omitted). As the Court further explained, the most significant element is where or not any alleged enrichment was unjust and therefore it is essential that a Plaintiff "must show that the party against whom recovery is sought either wrongfully secured or passively received a benefit that would be unconscionable for her to retain." *Id.* (citations omitted).

In permitting the unjust enrichment claim to continue into discovery, the Court noted that although "the parties dispute whether the City actually appreciated a benefit conferred by Plaintiffs," Plaintiffs had alleged enough to survive a motion to dismiss. The Court then made clear that if a cognizable benefit had been conferred and the other elements of unjust enrichment were met, the question is "whether it would be unjust for the City to retain the benefit." *Id.* (citations omitted).

2

The Court then entered a scheduling order permitting the Parties to go forward with discovery and setting December 2, 2019 as the deadline for the Parties to complete discovery. (Dkt. 40).

**A.  <u>The City's Discovery Requests.</u>**

On January 7, 2019, the City served its First Set of Interrogatories and Request for Production of Documents Directed to Plaintiffs (the "Discovery Requests").  These Discovery Requests were narrowly tailored to address relevant discovery into claims and defenses related to Plaintiffs' remaining unjust enrichment claim.

Plaintiffs' initial responses were deficient as to several of the requests.  First, as to the interrogatory responses, the City asserted that Interrogatory Responses No. 6, 8, 9, and 12 were deficient in that the responses provided by Plaintiffs were non-responsive.  Further, the City asserted that Interrogatory Responses 3, 4, and 13 required supplemental information, specifically specific documents that support each response.  Moreover, Plaintiffs document production did not contain any documents regarding the cost of installation of charging stations for Plaintiff Morlok.  Furthermore, Plaintiffs failed to verify the interrogatory responses.

The City raised these issues via a telephone meet and confer on March 11, 2019, and subsequently followed up repeated via email to seek Plaintiffs' updated and verified amended responses.  (*See* Exhibit A & B).  Despite the City's repeated requests, Plaintiffs did not provide amended responses until the City informed Plaintiffs that it would have to file a motion to compel, but the amended responses did not include verifications.  Further, Interrogatory Response No. 12 is still non-responsive.

3

**Interrogatory No. 12 states:**

> After installing their electric vehicle charging station, did each Permit Holder believe that they would be entitled to any compensation for installing their electric vehicle charging station?
>
> a. If so, what amount of compensation did each Permit Holder believe he or she was entitled to and what was the rationale for determining that they should be compensated?
>
> **Plaintiffs Response is:**
>
> Each of the Plaintiffs was induced to apply for an EVP space by the City's adoption of §12-1131 as originally written. At the time of their original installation, none of the Plaintiffs believed that they were entitled to compensation for installing their respective electric vehicle charging infrastructure, since they followed the letter of the EVP ordinance. It was only after the City unjustly enriched itself, at Plaintiffs' expense, that they believed they are entitled to compensation.

Specifically, Plaintiffs fail to articulate what, if any, specific compensation they would be entitled to. To date, Defendants have not received a verification for Plaintiff's Discovery Responses or a complete response to Interrogatory No. 12.

## II.  ARGUMENT

The Federal Rules of Civil Procedure provide that answers to interrogatories must be signed by the party making the response. Rule 33(b)(5). This is typically provided in the form of a verification (counsel is permitted to sign the responses only as to objections). As set forth above, Plaintiffs have not verified the responses made by their counsel on their behalf.

Further, Federal Rule of Civil Procedure 33(b)(3) requires that each response that is not objected to be answered separately and fully. Plaintiffs failed to provide full responses to Interrogatory No.12. Specifically, although Plaintiffs assert they are entitled to compensation under an unjust enrichment theory they fail to articulate, as requested, what that amount of entitlement is, and why they believe they are entitled to it. This matter, compensation to

4

Plaintiffs for alleged unjust enrichment, is at the heart of Plaintiffs' claim.  The City is entitled to understand the compensation that each Plaintiff believes he is entitled to, and as such requested it.  Plaintiffs failure to respond is deficient.

The Federal Rules of Civil Procedure also provide for the filing of a motion to compel where answers to interrogatories are deficient.  Rule 37.  Plaintiffs' failure to provide verifications despite the City's extensive and repeated efforts to obtain these responses makes Plaintiffs' responses plainly deficient under the Federal Rules.  As a result, this motion to compel is appropriate and should be granted.

## II.  CONCLUSION

Based on the foregoing, the City respectfully requests that this Court grant this motion to compel and order Plaintiffs to provide verified Amended Interrogatory Responses within ten (10) days.


Date:  August 6, 2019                         /s/ Amy Kirby
                                              Amy Kirby
                                              Deputy City Solicitor
                                              Pa. Attorney ID No. 323938
                                              City of Philadelphia Law Department
                                              1515 Arch Street, 15th Floor
                                              Philadelphia, PA 19102
                                              215-683-3566
                                              Amy.Kirby@phila.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **WILLIAM MORLOK, ADAM NOVICK,** | : | |
| **THEODORE LEWIS, individually and on behalf:** | | |
| **of all others similarly situated,** | : | |
| **Plaintiffs,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 17-4213** |
| | : | |
| **CITY OF PHILADELPHIA,** | : | |
| **Defendant.** | : | |

## LOCAL RULE 26.1 CERTIFICATION

Pursuant to Local Rule 26.1, the undersigned, Amy Kirby, Esq., hereby certifies that after reasonable effort, I was unable to resolve the disputes concerning Plaintiffs' deficient discovery responses.

Counsel for the City requested verified amended responses beginning with a meet and confer on March 11, 2019.  *See* E-mails between A. Kirby and S. Matanovic, March 19, 2019 – May 13, 2019, attached as Exhibit A.  Counsel for the City made repeated efforts to obtain this information and only received a partial response after informing counsel for Plaintiffs that the City would have to seek assistance of this Court.  *See* E-mails between A. Kirby and S. Matanovich, May 13, 2019 – July 23, 2019, attached as Exhibit B.  Although Plaintiffs provided Amended Interrogatory Responses on July 26, 2019, to-date the City has not received full responses or verifications.

The City therefore request this court grant the above Motion to Compel Plaintiffs' Verified Complete Amended Interrogatory Responses.

Date:  August 6, 2019                                /s/ Amy Kirby
                                                     Amy Kirby
                                                     Deputy City Solicitor
                                                     Pa. Attorney ID No. 323938
                                                     City of Philadelphia Law Department
                                                     1515 Arch Street, 15th Floor
                                                     Philadelphia, PA 19102
                                                     215-683-3566
                                                     Amy.Kirby@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM MORLOK, ADAM NOVICK,** | : | |
| **THEODORE LEWIS, individually and on behalf:** | : | |
| **of all others similarly situated,** | : | |
| **Plaintiffs,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 17-4213** |
| | : | |
| **CITY OF PHILADELPHIA,** | : | |
| **Defendant.** | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the Defendant's Motion to Compel Verified Complete Supplemental Discovery Responses was filed via the Court's electronic filing system and is available for downloading.


Date:  August 6, 2019                                        /s/ Amy Kirby
                                                             Amy Kirby
                                                             Deputy City Solicitor
                                                             Pa. Attorney ID No. 323938
                                                             City of Philadelphia Law Department
                                                             1515 Arch Street, 15th Floor
                                                             Philadelphia, PA 19102
                                                             215-683-3566
                                                             Amy.Kirby@phila.gov