IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM MORLOK, ADAM NOVICK, THEODORE LEWIS, individually and on behalf of all others similarly situated,<br>              Plaintiffs,<br><br>        v.<br><br>CITY OF PHILADELPHIA,<br>              Defendant. | Civil Action<br>No. 17-4213 |

## ORDER

AND NOW, this _____ day of _____, 2019, upon consideration of the Plaintiffs' Motion to Compel and Defendant's response hereto, it is **HEREBY ORDERED** that the Motion is **DENIED**.

BY THE COURT:

_____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM MORLOK, ADAM NOVICK, THEODORE LEWIS, individually and on behalf of all others similarly situated,<br>        Plaintiffs,<br><br>    v.<br><br>CITY OF PHILADELPHIA,<br>        Defendant. | Civil Action<br>No. 17-4213 |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL FULL AND COMPLETE RESPONSES TO WRITTEN DISCOVERY

Defendant, the City of Philadelphia, ("the City"), by and through the undersigned counsel, hereby files this Response to Plaintiffs' Motion to Compel Complete Responses to Written Discovery. In support of this Motion, the City incorporates the attached Memorandum of Law. The City respectfully requests that this Court issue an order denying Plaintiffs' Motion to Compel.

Date: August 6, 2019

/s/ Amy Kirby
Amy Kirby
Deputy City Solicitor
Pa. Attorney ID No. 323938
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
215-683-3566
Amy.Kirby@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM MORLOK, ADAM NOVICK, THEODORE LEWIS, individually and on behalf of all others similarly situated,<br>Plaintiffs,<br><br>v.<br><br>CITY OF PHILADELPHIA,<br>Defendant. | Civil Action<br>No. 17-4213 |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL COMPLETE RESPONSES TO WRITTEN DISCOVERY.**

Plaintiffs' William Morlok, Adam Novick, and Theodore Lewis ("Plaintiffs") filed a Complaint asserting claims against Defendant the City of Philadelphia ("the City"). Subsequent to this Court's dismissal of Plaintiffs' First Complaint, Plaintiffs filed an Amended Complaint. The Plaintiffs seek an order compelling Defendant to provide complete responses to written discovery. For the following reasons, Plaintiffs' Motion to Compel (the "Motion") should be denied.

**I. BACKGROUND**

   A. <u>Plaintiffs' Amended Complaint and Remaining Claim.</u>

Plaintiffs initiated this litigation by filing a putative class action Complaint. Plaintiffs alleged that they are electric vehicle owners (Complaint, Dkt. 1, at 20), that they obtained permits for electric vehicle parking spaces in front of their homes (Complaint at 21-23), that they installed charging stations for their vehicles (Complaint at 21), and that the City violated their rights by changing time limitations for the use of the parking spaces (Complaint at 26). Based on these allegations, Plaintiffs claimed that the City violated their constitutional rights to due

1

process and equal protection. Plaintiffs also asserted the quasi-contractual claim of unjust enrichment.

The City moved to dismiss Plaintiffs' claims in their entirety, which this Court granted after argument by the parties. (Dkt. 9). Plaintiffs then filed an Amended Complaint (Dkt 24), again asserting constitutional and quasi-contractual claims. In response to the City's renewed Motion to Dismiss, the Court ruled that Plaintiffs constitutional claims must be dismissed and that their case could only continue into discovery based on the unjust enrichment claim. *Morlok v. City of Philadelphia*, No. CV 17-4213, 2018 WL 6092719, at *8 (E.D. Pa. Nov. 21, 2018) (Dkt. 33). The Court explained that "[t]he elements of an unjust enrichment claim under Pennsylvania law are as follows: "(1) benefits conferred on defendant by plaintiff; (2) appreciation of such benefits by defendant; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." (citations omitted). As the Court further explained, the most significant element is whether or not any alleged enrichment was unjust and therefore it is essential that a Plaintiff "must show that the party against whom recovery is sought either wrongfully secured or passively received a benefit that would be unconscionable for her to retain." *Id.* (citations omitted).

In permitting the unjust enrichment claim to continue into discovery, the Court noted that although "the parties dispute whether the City actually appreciated a benefit conferred by Plaintiffs," Plaintiffs had alleged enough to survive a motion to dismiss. The Court then made clear that if a cognizable benefit had been conferred and the other elements of unjust enrichment were met, the question is "whether it would be unjust for the City to retain the benefit." *Id.* (citations omitted).

The Court then entered a scheduling order permitting the Parties to go forward with discovery and setting December 2, 2019 as the deadline for the Parties to complete discovery. (Dkt. 40).

### A. **Plaintiffs' Discovery Requests and the City's Response.**

On January 8, 2019, Plaintiffs served their First Set of Interrogatories and Requests for Production of Documents Directed to the City. (the "Discovery Requests"). These Discovery Requests were broad in scope and requested many documents and responses that are outside the scope of the remaining unjust enrichment claim.

The City responded and provided documents to all appropriate requests. The City however, did not provide responses to several interrogatories and requests for production of document that are outside the scope of the remaining unjust enrichment claim.

Plaintiffs' document requests and interrogatories that it asserts the City failed to respond to fall into two categories. First are documents which pertain, generally, to the City's promotion of technology or business in or to the City. (Request for Production Nos. 6, 7, 11 and Interrogatory Nos. 5, 6, 13). Second are documents regarding the enactment of the original and amended ordinance and/or communications related thereto. (Request for Production Nos. 12, 13, 15, 16, 17 and Interrogatory Nos. 2, 14, 15, 16). Neither category of these documents are relevant to the remaining unjust enrichment claim.

## II. ARGUMENT

The Federal Rules of Civil Procedure provide that discovery is allowed for any nonprivileged matter that appears reasonably calculated to lead to discoverable evidence. Rule 26(b)(1). Even with this broad standard, Plaintiffs requests irrelevant and overbroad. The heart of the remaining claim is whether the City wrongfully benefited from Plaintiffs' actions, and

further whether that benefit is unjust to retain. The documents requested related to technology or business promotion will not lead to discoverable information on the remaining issue of unjust benefit received by the City. "Unjust Enrichment in Pennsylvania does not allow for speculative nor intangible benefits." *Feather v. United Mine Workers of America*., 711 F.2d 530, 541 (3d Cir. 1983). At best any benefit that the City received through its promotion of technology or business is intangible. Further, Plaintiffs have not made any assertions as to how this further related to the Electric Vehicle Program, leaving these requests irrelevant.

Further, any documents or information related to the ordinance, amendment or discussions from City Counsel related thereto are clearly irrelevant. The claims Plaintiffs originally asserted, related to the constitutionality of the ordinance and amendment, were dismissed by this Court. Any information related to the enactment or amendment of the ordinance as well as any City Counsel discussions related thereto are therefore, irrelevant.

In addition to the documents and interrogatories specifically failing to relate to the remaining claim of unjust enrichment, each of these document requests are overbroad and request voluminous document review and production by the City. In its Requests for Production of Documents and Interrogatories, Plaintiff requests all document from 2007 to present. This is a period of over ten (10) years in which Plaintiff requests documents or information. Such time range is overbroad. Lastly, Interrogatory No. 16, which does not limit the subject matter of the documents requested to the Electric Vehicle Program, is certainly overbroad and a response related to "all documents and communication" should not be compelled as it requests information not conceivably related to this lawsuit.

## II.  CONCLUSION

Based on the foregoing, the City respectfully requests that this Court deny Plaintiffs' Motion to Compel.

Date:  August 6, 2019                                    /s/ Amy Kirby
                                                         Amy Kirby
                                                         Deputy City Solicitor
                                                         Pa. Attorney ID No. 323938
                                                         City of Philadelphia Law Department
                                                         1515 Arch Street, 15th Floor
                                                         Philadelphia, PA 19102
                                                         215-683-3566
                                                         Amy.Kirby@phila.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM MORLOK, ADAM NOVICK, THEODORE LEWIS**, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **CITY OF PHILADELPHIA,** <br> Defendant. | Civil Action <br> No. 17-4213 |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the Defendant's Response to Plaintiffs' Motion to Compel was filed via the Court's electronic filing system and is available for downloading.


Date: August 6, 2019

/s/ Amy Kirby
Amy Kirby
Deputy City Solicitor
Pa. Attorney ID No. 323938
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
215-683-3566
Amy.Kirby@phila.gov